UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 12-42216-659 |
| | ) | In Proceedings under Chapter 11 |
| **DOUGLAS JOE BATES,** and, | ) | #56     10/29 |
| **JAN DENISE BATES**, | ) | **ORDER ESTABLISHING** |
| | ) | **PROCEDURES FOR DISCLOSURE** |
| Debtors In Possession. | ) | **STATEMENT AND CONFIRMATION** |
| | ) | **PROCESSES** |

The Debtors' Motion to Establish Procedures for Approval of Combined Plan and Disclosure Statement and Confirmation Processes Dated October 1, 2012 ("the Motion") is presented for hearing pursuant to notice.

The Court has considered the pleadings in this case and the record as a whole, and finds as follows:

1. The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O).

3. On March 13, 2012, (the "Petition Date"), Douglas Joe Bates and Jan Denise Bates ("Debtor" or "Debtors") filed this bankruptcy case (the Bankruptcy Case") under Chapter 11 of the United Sates Bankruptcy Code, 28 U.S.C. §§101-1550 ("the Bankruptcy Code" or "the Code"), in the United States Bankruptcy Court for the Eastern District of Missouri (the "Court").

4. This case is a small business case pursuant to 11 U.S.C. § 101(51C).

5. Since the Petition Date, Debtors have been in possession of their assets and have operated as a debtor in possession.

6. No trustee or examiner has been sought or appointed in this case, and no committee representing creditors has been appointed herein.

7. The Debtors filed their Combined Plan and Disclosure Statement Dated October 1, 2012 ("the Combined Plan") to the Motion.

8. There is no need for a separate disclosure statement;

1

9. It is in the best interests of creditors and the estate to combine the hearing on the adequacy of the disclosure statement with the hearing on confirmation of the Combined Plan.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion is GRANTED and the Court approves the form of Ballots attached to the Motion and conditionally approves the disclosure statement provisions of the Combined Plan subject to final approval as set forth herein, and further;

2. The Debtors may now solicit acceptances or rejections of the Combined Plan pursuant to 11 U.S.C. § 1125;

3. Within three (3) business days of the date of the entry of this Order (the "Mailing Date") and not fewer than twenty-five (25) days prior to the date of the Concurrent Hearing, as defined below, Debtors' counsel shall transmit to all Creditors and parties in interest on the then current version of the mailing matrix maintained by the Court and pursuant to the procedures set forth herein, the following documents (the "Solicitation Package"), by United States mail, first class postage prepaid:

   a. A copy of the Combined Plan;
   b. A copy of this Order;
   c. A Ballot or Ballots for accepting or rejecting the Combined Plan; and
   d. A return envelope pre-addressed to Debtors' Counsel;

4. The Debtors' Counsel shall file a Certificate of Service of the mailing of the Solicitation Package with the Court within three (3) business days after the Mailing Date;

5. The Court fixes November 28, 2012, at 5:00 p.m. prevailing Central Time (the "Voting Deadline") as the deadline for the Debtors' Counsel's receipt of completed Ballots with respect to the Plan in accord with the procedures set forth herein;

6. The Court fixes November 28, 2012, at 5:00 p.m. prevailing Central Time (the "Objection Deadline") as the deadline for filing and serving written objections with respect to the adequacy of the disclosures contained in the Combined Plan and for filing and serving separate written objections with respect to the confirmation of the

Combined Plan in accordance with the procedures set forth herein;

7. On December 10, 2012, at 11:00 a.m. prevailing Central Time, the Court will commence a hearing (the "Concurrent Hearing"), pursuant to Rule 3020(b)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), at Courtroom 7 North, on the seventh floor at the Thomas F. Eagleton Federal Courthouse, 111 South Tenth Street, St. Louis, Missouri, 63102, to consider whether the Combined Plan provides adequate information so that a separate disclosure statement is not necessary for approval and confirmation of the Combined Plan. If written objections to either the adequacy of the disclosures contained in or the approval and confirmation of the Combined Plan are filed, the Concurrent Hearing may, at the Court's discretion, proceed as a pre-trial conference on the objections. If necessary, the objections will be set for hearing at a later date and the Court may continue the Concurrent Hearing from time to time thereafter without further notice to Creditors and parties in interest, other than announcement at the Concurrent Hearing;

8. The Court orders that the following provisions and procedures shall control the distribution of Solicitation Packages, the submission of Ballots, and the filing and service of written objections with respect to the adequacy of the disclosures contained in the Combined Plan:

    a. **Record Date.** October 29, 2012 is hereby established as the record date for the purpose of identifying the claimants, interest holders and parties in interest, and the addresses thereof, entitled to receive a Solicitation Package based upon the then-current version of the Debtors' matrix maintained by the Court (the "Record Date");

    b. **Distribution of Solicitation Packages and/or related Notices**. Debtors' Counsel shall transmit Solicitation Packages as set out in this Order. In addition, any party in interest may obtain a Solicitation Package by written request to Debtors' Counsel at the address below. Debtors' Counsel shall transmit a Solicitation Package via United States Mail, first class postage prepaid, to any such requesting party within three (3) business days of the receipt of such written request by Debtors' Counsel, but may choose to do so via electronic mail upon agreement of both parties.

The Objection Deadline shall be binding on any such requesting party regardless of the date when Debtors' Counsel mails a Solicitation Package to such party;

  c. **Voting procedures.** Debtors' Counsel must receive all completed Ballots to accept or reject the Plan prior to the Voting Deadline. Ballots may be returned by (i) United States mail, first class postage prepaid, in the return envelope provided with each Ballot; (ii) overnight delivery to the address set forth on the return envelope; or (iii) hand delivery to the address set forth on the return envelope. Any Ballot received by Debtors' Counsel that is submitted improperly or is received after the Voting Deadline shall not be counted and shall be deemed void and of no effect;

  d. **Tabulation of Ballots**. Debtors' Counsel shall appear at the Concurrent Hearing and present to the Court the Ballots separated by class, a Report of Balloting and a short written statement demonstrating that the statutory requisites have been met for Confirmation. Only the Ballots of Creditors holding and attributable to Allowed Claims as defined in the Combined Plan and as of the Concurrent Hearing shall be entitled to be counted and included in the report of balloting; and,

  e. **Objection Procedures.** Any objection to the adequacy of information contained in, or to the Confirmation of, the Combined Plan, including any supporting brief or memorandum of law must be (i) in writing, (ii) filed with the Court in accordance with the electronic case filing requirements of the Court, or by mail to the Clerk of the United States Bankruptcy Court, 111 S. 10th Street, St. Louis, MO, 63102, no later than 5:00 p.m. prevailing Central Time on the date of the Objection Deadline, (iii) served upon Debtors' Counsel, Edward J. Karfeld, Karfeld Law Firm P.C., 611 Olive Street, Suite 1640, St. Louis, MO 63101-1711, no later than 5:00 p.m. Central Time on the date of the Objection Deadline, and (iv) served upon on the United States Trustee. Objecting parties also are required to file an appropriate Certificate of Service for any objections filed. For the purposes of this paragraph, electronic filing of any such objections in the Court's CM/ECF system by the deadline set forth in this paragraph shall be sufficient to file any such objections with the Court and serve such objections upon Debtors' Counsel and any other parties receiving electronic notice in the Debtors' Chapter 11 case. Note, however, that electronic filing will not be sufficient service on

parties who are not receiving electronic notice in Debtors' Chapter 11 case and notice by United States mail must be made on such parties. The Court will only consider objections to the adequacy of the disclosures contained in the Combined Plan or to Confirmation of the Combined Plan that timely are filed and served in accordance with this paragraph, and all other objections will be deemed to be waived;

      9. To the extent that any discrepancies exist between the Combined Plan and the procedures set forth in this Order, Debtors' Counsel shall conform the Combined Plan to this Order prior to service of the Solicitation Package, designate such conformed Plan as Debtors' Conformed and Combined Disclosure Statement and Plan of Reorganization Dated October 1, 2012 and file the same with the Court substantially contemporaneously with the Mailing Date;

      10. No later than five (5) business days after the date of this Order, Debtors' Counsel is directed to serve a copy of this Order on all necessary parties and is directed to file a Certificate of Service no later than three (3) business days after service; and,

**IT IS FURTHER ORDERED**, that all other relief requested in the Motion is denied without prejudice.

                                                                 KATHY A. SURRATT-STATES
                                                                     U.S. Bankruptcy Judge

DATED: October 31, 2012
St. Louis, Missouri
jjh

Order prepared by:
Edward J. Karfeld, EDMO #19912MO
Karfeld Law Firm, P.C.
611 Olive Street, Suite 1640
St. Louis, Missouri 63101-1711
Phone: (314) 231-1312
Facsimile: (314) 231-3867
ejk@karfeldlaw.com
Attorney for Debtor

5